```
                                                    USDC SDNY
                                                    DOCUMENT
                                                    ELECTRONICALLY FILED
                                                    DOC #: _____
                                                    DATE FILED: 6/29/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
STATE OF NEW YORK, COMMONWEALTH :
OF PENNSYLVANIA, STATE OF :
CALIFORNIA, STATE OF COLORADO, :
STATE OF DELAWARE, DISTRICT OF :      1:20-cv-1689-GHW
COLUMBIA, STATE OF ILLINOIS, STATE :
OF MARYLAND, COMMONWEALTH OF :      MEMORANDUM OPINION
MASSACHUSETTS, STATE OF MICHIGAN, :           AND ORDER
STATE OF MINNESOTA, STATE OF NEW :
JERSEY, STATE OF NEW MEXICO, STATE :
OF OREGON, STATE OF RHODE ISLAND, :
STATE OF WASHINGTON, STATE OF :
VERMONT, and COMMONWEALTH OF :
VIRGINIA, :
 :
                                                  Plaintiffs, :
                     -against- :
 :
EUGENE SCALIA, Secretary of the United States :
Department Of Labor, UNITED STATES :
DEPARTMENT OF LABOR, and UNITED :
STATES OF AMERICA, :
 :
                                                  Defendants. :
-----------------------------------------------------------------X

GREGORY H. WOODS, United States District Judge:

         Eighteen States challenge a final rule (the "Final Rule") promulgated by the Department of Labor (the "Department") under the Administrative Procedure Act. Five trade organizations (the "Proposed Intervenors") move to intervene as defendants. Because the Proposed Intervenors have not carried their burden to show that the Department does not adequately represent their interests, they may not intervene as of right. But the States will not suffer prejudice if the Court permits the Proposed Intervenors to intervene, so the motion to intervene is GRANTED.

**I. BACKGROUND**

The Court's prior opinion provides most of the relevant background. *See New York v. Scalia*, No. 1:20-cv-1689 (GHW) (*Scalia I*), 2020 WL 2857207 (S.D.N.Y. June 1, 2020). In *Scalia I*, the Court denied Defendants' motion to dismiss for lack of constitutional and prudential standing. *See id.* The Court then set a briefing schedule on the parties' proposed motions for summary judgment. Dkt No. 75.

One week later, the Proposed Intervenors moved to intervene in this case. Dkt Nos. 76-78. The Proposed Intervenors are the International Franchise Association, the Chamber of Commerce of the United States of America, the National Retail Federation, the Associated Builders and Contractors, and the American Hotel and Lodging Association. The States opposed the motion, Dkt Nos. 87-88, and the Proposed Intervenors replied, Dkt No. 97.

**II. DISCUSSION**

The Second Circuit has "explained that intervention is a procedural device that attempts to accommodate two competing policies[.]" *Floyd v. City of N.Y.*, 770 F.3d 1051, 1057 (2d Cir. 2014) (per curiam) (quotation and brackets omitted). "[O]n the one hand," intervention is designed to permit courts to "efficiently administ[er] legal disputes by resolving all related issues in one lawsuit[.]" *Id.* (quotation omitted). "[O]n the other hand," permitting parties to intervene willy-nilly makes lawsuits "unnecessarily complex, unwieldy or prolonged." *Id.* (quotation omitted). The Circuit has repeatedly emphasized the "fact-intensive nature" of this inquiry. *Id.*; *see also United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 69 (2d Cir. 1994).

**A. Intervention as of Right**

> Federal Rule of Civil Procedure 24(a) provides for intervention as of right . . . [:] "On timely motion, the court must permit anyone to intervene who claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."

*Floyd*, 770 F.3d at 1057 (quoting Fed. R. Civ. P. 24(a)(2)) (emphasis omitted).

Thus, "a district court must grant an applicant's motion to intervene under Rule 24(a)(2) if (1) the motion is timely; (2) the applicant asserts an interest relating to the property or transaction that is the subject of the action; (3) the applicant is so situated that without intervention, disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest is not adequately represented by the other parties." *Laroe Estates, Inc. v. Town of Chester*, 828 F.3d 60, 66 (2d Cir. 2016), *vacated and remanded on other grounds sub nom. Town of Chester, N.Y. v. Laroe Estates, Inc.*, 137 S. Ct. 1645 (2017) (quotation omitted). "[A] failure to satisfy any one of these four requirements is a sufficient ground to deny the application." *Floyd*, 770 F.3d at 1057 (quotation, emphasis, and brackets omitted). "In seeking intervention under this Rule, the proposed intervenor bears the burden of demonstrating that it meets the requirements for intervention." *Kamdem-Ouaffo v. PepsiCo, Inc.*, 314 F.R.D. 130, 134 (S.D.N.Y. 2016); *see also Pitney Bowes*, 25 F.3d at 70 ("Under Rule 24(a)(2) the purported intervenor must show that its interest is not adequately represented, while under [a different statute], the government bears that burden.").

### 1. Timeliness

The motion is timely. "[T]he timeliness requirement is flexible" and "defies precise definition[.]" *Floyd*, 770 F.3d at 1058. "In determining whether a motion to intervene is timely, courts consider (1) how long the applicant had notice of the interest before it made the motion to intervene; (2) prejudice to existing parties resulting from any delay; (3) prejudice to the applicant if the motion is denied; and (4) any unusual circumstances militating for or against a finding of timeliness." *Laroe Estates*, 828 F.3d at 66-67. The core concern is prejudice. Indeed, the Second Circuit explained a court's "only concern on timeliness under Rule 24" is "prejudice[]" resulting from delay. *Id.* at 67.

The States have not shown that they will be prejudiced by the proposed intervention in this case. The Proposed Intervenors have not requested an extension of the deadline to submit an opposition to the States' motion for summary judgment. So even if the Proposed Intervenors might

3

have sought to intervene earlier, their intervention will not delay the disposition of this action. The timeliness requirement is satisfied.

### 2. Sufficient Interest

The Proposed Intervenors have asserted a sufficient interest in the outcome of this case. Rule 24(a)(2) requires the movant to "assert[] an interest relating to the property or transaction that is the subject of the action." *Id.* at 67 (quotation omitted). That interest must be "direct, substantial, and legally protectable." *Id.* at 68 (quotation omitted). "[A]n interest that is remote from the subject matter of the proceeding, or that is contingent upon the occurrence of a sequence of events before it becomes colorable, will not satisfy the rule." *Floyd*, 770 F.3d at 1057.

The Proposed Intervenors satisfy this requirement. Although Plaintiffs state flatly that they "do not concede" that the Proposed Intervenors have asserted a sufficient interest, they do not argue the point. Opposition to Motion to Intervene ("Opp."), Dkt No. 87, at 3 n.1. And the Proposed Intervenors have an interest in the outcome of this case: Some of their members may face a different—and arguably less employer-friendly—standard for liability under the FLSA if the Court invalidates the Final Rule. That is adequate under the second prong. *See New York v. United States Dep't of Health & Human Servs.* (*HHS*), No. 19-cv-4676 (PAE), 2019 WL 3531960, at *4 (S.D.N.Y. Aug. 2, 2019).

### 3. Impairment

The Proposed Intervenors have shown that their interest may be impaired by invalidation of the Final Rule. "Rule 24(a)(2) also requires the movant to show that it is so situated that without intervention, disposition of the action may, as a practical matter, impair or impede its ability to protect its interest[.]" *Laroe Estates*, 828 F.3d at 70 (quotation and brackets omitted). As with the second prong, Plaintiffs do not argue this point. Opp. at 3 n.1. And again, the Proposed Intervenors may suffer adverse economic consequences if the Court invalidated the Final Rule. The

Proposed Intervenors have thus adequately demonstrated that their interest may be impaired by the disposition of this case.

### 4. Adequate Representation

The Proposed Intervenors falter under the fourth prong of the Rule 24(a)(2) test, however. The Supreme Court has emphasized that a proposed intervenor need only show that "representation of his interest 'may be' inadequate[.]" *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972). "The burden to demonstrate inadequacy of representation is generally speaking 'minimal[.]'" *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 179 (2d Cir. 2001) (quoting *Trbovich*, 404 U.S. at 538 n.10); *see also Laroe*, 828 F.3d at 70 (citation omitted). But the Second Circuit has "demanded a more rigorous showing of inadequacy in cases where the putative intervenor and a named party have the same ultimate objective[.]" *Butler*, 250 F.3d at 179. In that circumstance, the proposed intervenor "must rebut the presumption of adequate representation by the party already in the action." *Id.* at 179-80. And "[t]he proponent of intervention must make a particularly strong showing of inadequacy in a case where the government is acting as *parens patriae*." *United States v. City of N.Y.*, 198 F.3d 360, 367 (2d Cir. 1999) (citing *United States v. Hooker Chems. & Plastics Corp.*, 749 F.2d 968, 985 (2d Cir. 1984)); *see also* 7C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1909 & nn.24-27 (3d ed. 2007 & supp. 2019) ("The rare cases in which a member of the public is allowed to intervene in an action in which the United States, or some other governmental agency, represents the public interest are cases in which a very strong showing of inadequate representation has been made.").

The Proposed Intervenors have not rebutted the presumption of adequate representation by the Department. Judge Engelmayer's recent decision in *HHS* is persuasive. There, a group of State Plaintiffs "challenge[d] . . . a final rule issued by the U.S. Department of Health and Human Services ('HHS')[.]" *HHS*, 2019 WL 3531960, at *1. Two non-government entities—including a trade association—moved "to intervene as defendants." *Id.* The *HHS* court denied the motion to

5

intervene as of right because the putative intervenors failed to show that their interests were not adequately represented by HHS. *Id.* at *4-6. Judge Engelmayer recognized that "HHS and the [p]roposed [i]ntervenors share the same goal: upholding the [r]ule." *Id.* at *5. So the burden fell on the putative intervenors to "rebut the presumption of adequate representation by HHS." *Id.*

The court held that the proposed intervenors failed to carry this burden. Judge Engelmayer noted that "[i]nsofar as th[e] case turn[ed] on an APA challenge to HHS's rulemaking," the court could not consider "extra-record evidence[.]" *Id.* Thus, the proposed intervenors could not offer evidence relevant to the APA claim. The same is true here. Indeed, the Proposed Intervenors submitted a declaration attaching their public comments on the Final Rule—which will be part of the record on summary judgment, whether or not the Court grants the Proposed Intervenors' motion. *See* Dkt No. 77.

The *HHS* court also held that the putative intervenors could not intervene as of right because "the interests of the Proposed Intervenors [were] broadly coterminous with those of HHS." *Id.* at *6. The Second Circuit has held that "[a] putative intervenor does not have an interest not adequately represented by a party to a lawsuit simply because it has a motive to litigate that is different from the motive of an existing party." *Id.* (quoting *NRDC, Inc. v. N.Y. State Dep't of Envt'l Conservation*, 834 F.2d 60, 62-63 (2d Cir. 1987)). To the contrary, "[s]o long as the party has demonstrated sufficient motivation to litigate vigorously and to present all colorable contentions, a district judge does not exceed the bounds of discretion by concluding that the interests of the intervenor are adequately represented." *Id.* (quoting *NRDC*, 834 F.2d at 62). Here, the Department has already shown its intent to defend the rule vigorously by moving to dismiss. And there is no indication that the Department will not continue to do so.

In a footnote, the Proposed Intervenors attempt to distinguish *HHS* by arguing that in that case, the defendants did not represent "conflicting stakeholders[.]" Memorandum in Support of Motion to Intervene ("Mem."), Dkt No. 78, at 17 n.1. That argument is unpersuasive. The

Proposed Intervenors' and Defendants' interests may not match up perfectly, but the Proposed Intervenors cannot reasonably argue that their interests conflict. Just the opposite, both the Proposed Intervenors and the Department "share the same goal: upholding the [Final] Rule." 2019 WL 3531960, at *5. Given that basic fact, the Proposed Intervenors argument that they "'will make a more vigorous presentation of the economic side of the argument' than would the Department" is unavailing. Mem. at 18 (quoting *N.Y. Pub. Int. Res. Grp., Inc. v. Regents of Univ. of State of N.Y.* (*NYPIRG*), 516 F.2d 350, 352 (2d Cir. 1975) (per curiam)). The dispute here is about whether the Department validly promulgated the Final Rule. The Department has a strong incentive to make every colorable argument that it did so.

For similar reasons, the Proposed Intervenors argument that the complaint "is filled with unwarranted, direct attacks on the business community" is unpersuasive. Mem. at 18. That is not a fair characterization of the complaint. But even if it were, the desirability of the business practices described in the complaint—such as outsourcing and subcontracting—is not at issue here. Rather, the States argue that Defendants ignored the effect of those business practices in promulgating the Final Rule.

The Proposed Intervenors also insist that *NYPIRG* controls and requires that the Court grant their motion to intervene as of right. The Proposed Intervenors are correct that *NYPIRG* permitted private parties to intervene as defendants in an action challenging the promulgation of a regulation. *See* 516 F.2d at 352. But *NYPIRG* was decided before *Butler* and *City of New York*. The Court understands those decisions to set forth the controlling law for motions to intervene as of right alongside government defendants. Indeed, *City of New York* cited *NYPIRG* but did not discuss it in the portion of the opinion about the adequacy of representation prong of the intervention as of right analysis. *Compare City of N.Y.*, 198 F.3d at 365 (citing *NYPIRG*, 516 F.2d at 351-52) *with id.* at 367 ("The proponent of intervention must make a particularly strong showing of inadequacy in a

7

case where the government is acting as *parens patriae*." (citation omitted)). To the extent there is tension between *NYPIRG* and *City of New York*, the Court must follow the latter.

The Proposed Intervenors make a feeble attempt to distinguish *City of New York*. They argue that the putative intervenors in that case "did not satisfy any of the prongs of Rule 24(a)." Reply Memorandum of Law in Support of Motion to Intervene, Dkt No. 97, at 4 n.2 (emphasis omitted). True enough. But that does not undermine *City of New York*'s holding that a proposed intervenor must carry a heavier burden when it seeks to intervene alongside a government acting as *parens patriae*. And so that argument does not undermine the conclusion that the Proposed Intervenors' argument have failed to carry that burden here.

The Proposed Intervenors finally cite a potpourri of out-of-Circuit cases holding that proposed intervenors had a right to intervene in similar factual circumstances. *See* Mem. at 15-18 (collecting cases from the Third, Sixth, Ninth, and Tenth Circuits). Whatever persuasive value these cases may have in general, the Court must follow binding Second Circuit law.

For those reasons, the Proposed Intervenors have failed to show that the Department will not adequately represent their interests in this litigation. Because "a failure to satisfy any one of these four requirements is a sufficient ground to deny" intervention as of right, the Proposed Intervenors' motion under Rule 24(a)(2) is denied. *Floyd*, 770 F.3d at 1057 (quotation, emphasis, and brackets omitted).

### B. Permissive Intervention

Although the Proposed Intervenors have failed to carry their burden to show that they have a right to intervene, the Court will permit them to intervene under Rule 24(b). "Federal Rule of Civil Procedure 24(b) provides for intervention by permission[:] . . . '[o]n timely motion, the court may permit anyone to intervene who has a claim or defense that shares with the main action a common question of law or fact.'" *Id.* (quoting Fed. R. Civ. P. 23(b)(1)(B)). A "district court's discretion under Rule 24(b) is broad." *HHS*, 2019 WL 3531960, at *6 (quoting *Restor-A-Dent Dental*

8

*Labs., Inc. v. Certified Alloy Prods., Inc.*, 725 F.2d 871, 876 (2d Cir. 1984)); *see also Floyd*, 770 F.3d at 1062 n.38 (2d Cir. 2014) ("A denial of permissive intervention has virtually never been reversed." (quotation omitted)).

Unlike intervention as of right under Rule 24(a), "Rule 24(b) does not require a finding that party representation [is] inadequate." *Id.* (citing *United States v. Columbia Pictures Indus., Inc.*, 88 F.R.D. 186, 189 (S.D.N.Y. 1980)). Adequate representation weights against permitting intervention, but a court may still permit it if the intervenors will help it resolve a dispute. *See id.* (quoting *United States v. N. Y. C. Housing Auth.*, 326 F.R.D. 411, 418 (S.D.N.Y. 2018)).

The Court will permit the Proposed Intervenors to intervene under Rule 24(b). As in *HHS*, "the question of permissible intervention" could go "either way." *Id.* And "the alternative to intervention" is that the Proposed Intervenors "participate[]" as "*amicus curiae*[.]" *Id.* So if the Court denied the Proposed Intervenors' motion, they could still submit their arguments as *amicus*. The Proposed Intervenors argue that "[t]he ability to participate as a party is vital to protecting [their] interests" and that "serving as an amicus is insufficient." Opp. at 8. But they fail to explain why that might be—or indeed, why it would make any difference at all.

In any event, the Court agrees with the decision in *HHS* that "there is no palpable harm in permitting this participation." *Id.* at *7. That is because "[i]ntervention will not unduly delay, or prejudice, the adjudication of" this case. *Id.* The Proposed Intervenors have not asked for an extension of the deadlines for the motion for summary judgment. And the need for the States to respond to the Proposed Intervenors' arguments does not represent an "appreciable burden" because the Court would have received those arguments from the Proposed Intervenors as *amicus* anyway. *Id.* For those reasons, the motion to intervene is granted.[1]

---

[1] The Court expects that it would be sympathetic to an application from the States for an enlargement of the page limitation of their opposition to Defendants' cross-motion for summary judgment and their reply to Defendants' opposition to their motion for summary judgment.

## III. CONCLUSION

The motion to intervene is GRANTED.

The Clerk of Court is directed to terminate the motion pending at Dkt No. 76.

SO ORDERED.

Dated: June 29, 2020

_____
GREGORY H. WOODS
United States District Judge